IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CELIA ROGERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:05-cv-1089-WKW |
| ) | (WO) |
| SAVA SENIOR CARE, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on Plaintiff's Motion for Order of Voluntary Dismissal Without Prejudice (Doc. # 22).  For the reasons set forth below, the Court finds that the motion is due to be granted.

**FACTUAL BACKGROUND**

On September 29, 2005, Plaintiff Celia Rogers ("Plaintiff"), by and through her legal guardian, Carolyn Hall, filed this Alabama Medical Liability Act ("AMLA") case in the Circuit Court of Montgomery County.  (Doc. # 2, Compl.)  In the Complaint, Plaintiff alleged claims of nursing home malpractice, negligence, wantonness, and negligent screening, hiring, training and supervision against Defendants Sava Senior Care, Inc., Mariner Health Care, Inc., Mariner Health Central, Inc., and Mariner Health Care Management Company, Inc., all doing business as Woodley Manor ("Woodley Manor").  (*Id*.)  Plaintiff also alleged these claims against other fictitious defendants.  (*Id*.)

On November 14, 2005, this action was removed to this Court by Woodley Manor on the

basis of diversity jurisdiction.[1]  (Doc. # 2, Notice of Removal).  No motion to remand was filed by the Plaintiff.  On December 20, 2005, an Uniform Scheduling Order ("USO") was entered establishing the discovery schedule for this case and setting the case for trial.  (*See* Docs. # 8 & 9.)

Eight months passed and no motions were filed by either party.  On August 10, 2006, Defendant filed a motion seeking amendment of the USO due to statements from Plaintiff's counsel, Joseph Jackson and Charles Dauphin (collectively "Jackson"), that they were going to withdraw from their representation of Plaintiff because she had retained new counsel, Barry Walker ("Walker").  (Doc. # 11.)  On August 15, 2006, the motion to amend the USO was denied by the Court.  (Doc. # 13).  On the following day, Walker filed a Notice of Appearance on Plaintiff's behalf (Doc. # 14) and Jackson filed a Motion to Withdraw as Counsel for Plaintiffs (Doc. # 17).  Walker also filed a Motion for Leave to Amend Complaint, seeking to join Brian McFeely, Director of Woodley Manor, Delores Thomas, a registered nurse at Woodley Manor, and Kim Alexander, an employee of Woodley Manor, as defendants.[2]  (Doc. # 15.)

On August 17, 2006, Woodley Manor filed an objection to Plaintiff's motion for leave to amend the Complaint, arguing that the motion was untimely because the USO deadline for amending the pleadings expired on May 3, 2006.  (Doc # 18.)  Upon considering the pending motions and opposition thereto, on August 21, 2006, the Court granted Jackson's motion to withdraw and denied Plaintiff's motion to amend the Complaint.  (Docs. # 19 & 20.)

Plaintiff then filed the instant motion before the Court, the Motion for Order of Voluntary

---

[1] It is undisputed that the amount in controversy is more than $75,000, and Plaintiff is a resident of Alabama while Woodley Manor is a Delaware corporation with its principal place of business in Georgia.  (Doc. # 2, Notice of Removal).

[2] Notably, these proposed defendants are residents of Alabama.  Joinder would destroy the complete diversity in this case.

Dismissal Without Prejudice. (Doc. # 22.) In said motion, Walker seeks dismissal without prejudice of this lawsuit so that he can re-file it in state court and name the three Woodley Manor employees as defendants. (*Id*.) Defendant responded in opposition to the motion (Doc. # 23) and Plaintiff filed a reply thereto (Doc. # 25). The Court heard oral argument on this motion on September 18, 2006. (Doc. # 31.)

## DISCUSSION

Rule 41 of the Federal Rule of Civil Procedure provides, in pertinent part, that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). In this case, the Court finds that dismissal without prejudice is appropriate because Plaintiff should have the opportunity to pursue her cause of action against the three Alabama resident defendants. Albeit untimely, Plaintiff's request to join these individuals as defendants should come as no surprise to Woodley Manor because Plaintiff named fictitious defendants in the Complaint filed in state court. (Doc. # 1, Compl.) As such, Plaintiff indicated an intent to sue the actual tortfeasors involved in this case. Moreover, Woodley Manor failed to establish that it would suffer any prejudice from dismissal of this case as no depositions have been taken and paper discovery remains ongoing. Further, the Court cannot find a reason why this case should be tried separately in state court and federal court, and thus concludes that judicial efficiency requires that all of the issues be resolved in one lawsuit.

## CONCLUSION

Accordingly, in the interest of fairness and judicial efficiency, it is hereby

ORDERED that the Motion for Order of Voluntary Dismissal Without Prejudice (Doc. # 22) is GRANTED.

DONE this 26th day of September, 2006.

       /s/   W.  Keith Watkins
UNITED STATES DISTRICT JUDGE